UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN L. HENDRICKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>THURSTON COUNTY SHERIFF'S OFFICE, TACOMA POLICE DEPARTMENT, and OFFICER JOHN DOE BUDINISH,<br><br>    Defendants. | Case No.  C06-5374RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 9, 2007 |

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. This matter comes before the court on Defendant Thurston County Sheriff's Office's motion to dismiss (Doc. 22), filed with the court on January 9, 2007. After reviewing the motion, Plaintiff's response, and the balance of the record, the undersigned submits the following report, recommending denial of the motion to dismiss.

## DISCUSSION

In reviewing a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). Dismissal under Fed R. Civ. P. 12 (b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A Plaintiff

1  need not set out in detail the facts upon which he bases his claim.  However, a Plaintiff must "set out
2  sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential
3  to his recovery." Benson v. Cady, 761 F.2d 335, 338 (7th Cir. 1985).  Although complaints are to be
4  liberally construed in the Plaintiff's favor, conclusory allegations of law, unsupported conclusions, and
5  unwarranted inferences need not be accepted as true. Id.  Vague and conclusory allegations of official
6  participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner,
7  976 F.2d 469, 471 (9th Cir. 1992) (*quoting* Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266,
8  268 (9th.Cir. 1982)).

9       Plaintiff brings the instant matter pursuant to 28 U.S.C. § 1983, alleging illegal search, illegal
10 seizure, illegal arrest, illegal incarceration, loss of liberty , loss of job and loss of personal property when he
11 was wrongfully arrested and held for 12 days in jail.   Such a Complaint requires Plaintiff to allege facts
12 showing how individually named defendants caused or personally participated in causing the harm alleged
13 in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).   A § 1983 suit cannot be based on
14 vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights.
15 City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  A supervisor may be held liable only "if there
16 exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal
17 connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County
18 of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

19      Here, plaintiff's Amended Complaint (Doc. 7) sets forth the basis of his claims as follows:

20 On August 23, 2004, I was arrested at my place of employment, this was in the 4300 block
   of South Tacoma Way in Tacoma.  The name of the business was Downtown Autobody.
21 This business was owned by a man named Scott who hired me and was my boss.  I was
   arrested by a Tacoma Police Officer because of a warrant filed for my arrest out of
22 Thurston County.  The Warrant was for two counts of possession of stolen property and
   bail jumping.  It said my real name was Robert Christensen and that Kevin Hendrickson was
23 an alias name. I told the Tacoma Police that there was a mistake when I was arrested.  I told
   them I had never been in trouble in Thurston county.  I was placed in the Pierce County Jail.
24 I was taken to the Thurston County Jail after I had been held for 12 days.  Upon arriving at
   the jail, I was taken into booking, where they looked at the picture that went with the
25 warrant and discovered I was not Robert Christensen, as I had tried to tell everyone.  I was
   quickly released.  At the time of my arrest, my Chevrolet towing truck, the car hauler
26 attached to it, and the car on the hauler were all impounded by Gene's towing.  I never saw
   them again.  I had boxes of tools in my truck, my eye glasses, my laptop computer, some
27 extra work clothes, etc....  All gone!  I also was fired from my job due to the arrest and cost
   me everything I had worked for.  I enclose a copy of the warrant that I was arrested on.
28 The Thurston County Sheriff's Dept. gave it to me to carry in my wallet to avoid being
   arrested at every traffic stop.  I had to carry it for over a year to keep from being arrested.  I

REPORT AND RECOMMENDATION
Page - 2

> was in fact handcuffed and put into police cars 8 or 9 times before anyone cleared my name of this terrible mistake. This caused a lot of embarrassment and mental anguish to say the least.

(Doc. 7 at 6). Plaintiff's original Complaint, filed on July 3, 2006, included a copy of the bench warrant. (See Doc. 1).

Defendant Thurston County Sheriff's Office argues the court should dismiss it from the case as a matter of law. It argues the Complaint fails to provide any facts that would entitle him to relief against Thurston County. It argues, "There is not one fact in the complaint supporting a civil rights claim against Thurston County. Thurston County didn't make the arrest; Thurston County didn't hold Plaintiff for 12 days in jail. The only action taken by Thurston County against Plaintiff was to immediately release him after he arrived at Thurston County booking." Defendant's Memorandum in Support of Motion to Dismiss (Doc. 22) at 3.

The court is not persuaded by Defendant's argument. Reviewing the facts in the complaint, the court is unable to conclude that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief against Thurston County. Moreover, in opposition to the motion to dismiss Plaintiff provides further details that would support a claim of unlawful detention against defendant. Plaintiff explains that during his booking process at the Tacoma Police Department, the Tacoma Police Department received a fax from Thurston County which instructed that he be held on the warrant despite Plaintiff's claim that there was a mistake with his identity. Plaintiff argues, "They [Thurston County] claimed that Hendrickson and Christensen were the same person." Plaintiff Response (Doc. 23) at 2. Defendant did not reply to the facts asserted by Plaintiff in response to the motion.

The court further notes that the Ninth Circuit as stated that questions of what circumstances are sufficient to give officers a reasonable belief that a suspect named in a n arrest warrant is a mixed question of law and fact. Watts v. County of Sacramento, 256 F.3d 886, 890 (9th Cir. 2001)(in that case, the Ninth Circuit explained that summary judgment in defendant's favor was inappropriate on a plaintiff's illegal detention claims when the issue of mistaken identity was a cause of an arrest that took place for thirty to forty-five minutes while officers confirmed the identity of the suspect).

## CONCLUSION

Based on the foregoing discussion, the Court should deny Defendant Thurston County Sheriff's

REPORT AND RECOMMENDATION
Page - 3

1 | Office's motion to dismiss.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
2 | Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See*
3 | *also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
4 | appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the
5 | clerk is directed to set the matter for consideration on **March 9, 2007**, as noted in the caption.
6 | Dated this 13th day of February, 2007.

*/s / J. Kelley Arnold*
J. Kelley Arnold
Magistrate Judge