UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN L. HENDRICKSON,

        Plaintiff,

   v.

THURSTON COUNTY, et al.,

        Defendants.

CASE NO. C06-5374BHS

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE

    This matter comes before the Court on Plaintiff's Motion to Reconsider (Dkt. 189) and the parties' responses to the Court's order to show cause regarding the remaining state claims (Dkts. 187 and 188). The Court denies the motion to reconsider and dismisses Plaintiff's remaining state claims without prejudice for the reasons stated herein.

## I. MOTION TO RECONSIDER

    On December 10, 2008, the Court issued an order dismissing Plaintiff's federal claims ("the Order"). Dkt. 186. On December 22, 2008, Plaintiff filed a motion to reconsider. Dkt. 189.

    Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER – 1

Local Rule CR 7(h)(1). Plaintiff seeks reconsideration on the basis of manifest error. Dkt. 189.

As a threshold matter, the Court notes that a motion for reconsideration is not a substitute for filing a reply on the underlying motion. Plaintiff's 31-page motion for reconsideration mainly repeats arguments that the Court already addressed in the Order.

The Court denies Plaintiff's motion because he fails to make a showing that the Court committed manifest error in dismissing his claims. Plaintiff first maintains that the Court erred in dismissing his Fourth Amendment claim against Defendant Romaine for his impoundment of the vehicles, and contends that "[t]he Court failed to discuss or analyze Plaintiff's impoundment/seizure claim against Defendant Romaine under the Fourth Amendment, and only provided analysis under the Fourteenth Amendment for the pre-impoundment notice." Dkt. 189 at 2. Plaintiff also maintains that the Court erred by dismissing Plaintiff's claim that Officer Romaine violated his constitutional rights by failing to provide him with pre-impoundment notice. *Id.*, 25-28. Plaintiff goes so far as to pose the following question: [w]hat if it was not [Plaintiff], and instead it was a judge, who had no knowledge that the VIN was incorrectly registered with the DOL, resulting in the VIN on the license plate being different from the VIN on the truck[?]." *Id.* at 27. The Court addressed Plaintiff's claims relating to the seizure and pre-impoundment notice in the Order:

> Officer Romaine's impounding of these vehicles did not violate Mr. Hendrickson's constitutional rights. Mr. Hendrickson's arguments focus primarily on the issue of whether the police are required to provide pre-impound notice to an owner of a vehicle when a vehicle is impounded because of "switched plates." Mr. Hendrickson mischaracterizes the impounding of the truck as being based solely on a "traffic infraction." While Officer Romaine testified that he had the vehicles impounded based on "switched plates," he also testified that ownership of the vehicles had not been established and that Mr. Hendrickson had already been arrested for possession of the stolen trailer. Defendants contend that the seizure was proper because Mr. Hendrickson had already been arrested for possession of a stolen trailer, and because the VIN affixed to the truck was not registered to Mr. Hendrickson. Additionally, neither the Pontiac nor the car hauler came back registered to Mr. Hendrickson.
> Mr. Hendrickson has not demonstrated that he was entitled to pre-impoundment notice. There is no dispute that, at the time of the impound,

ORDER – 2

> none of the actual VIN numbers were registered to Mr. Hendrickson. **In addition, based on the arrest for possession of the stolen trailer, as well as the discrepancy in the registration of the truck, Officer Romaine had probable cause to believe that the truck, Pontiac, and car hauler were not owned by Mr. Hendrickson and may have been stolen.** *See Brown, supra* [*U.S. v. Brown*, 535 F.2d 424, 428 (8th Cir. 1976)]. **Alternatively, the officer's seizure was proper in order to safeguard property that may have belonged to a third party.** *See Jamerson, supra* [*United States v. Jamerson*, 549 F.2d 1263, 1271 (9th Cir. 1977)].

Dkt. 186, 21-22 (emphasis added).

Plaintiff offers no argument or authority that demonstrates that the Court erred by concluding that Officer Romaine's seizure was supported by probable cause, nor has Plaintiff demonstrated that the Court erred by concluding that Officer Romaine's seizure did not violate clearly established law. The Court properly concluded that Officer Romaine was entitled to qualified immunity.

Plaintiff next argues that the Court erred in concluding that there was no Fourth Amendment violation based on the search of the truck. Plaintiff again fails to demonstrate that the Court committed manifest error in concluding that Officer Romaine did not violate Plaintiff's constitutional rights by searching the truck, nor has Plaintiff demonstrated that the Court erred by concluding that the officer is entitled to qualified immunity.[1]

---

[1] Plaintiff cites *State v. Simpson*, 95 Wn.2d 170 (1980), in support of his contention that the search and seizure violated his constitutional rights. The court in that case found a search of a vehicle to be unlawful when the officer entered the car without a warrant to search for the VIN number. In contrast, Officer Romaine observed the VIN from the outside of the truck. Given the circumstances, this Court concluded that Officer Romaine had probable cause to enter the vehicle after he determined that Plaintiff was not registered to any of the vehicles based on the VIN numbers and after he discovered the discrepancy between the VIN of the truck and the VIN associated with the license plate. Officer Romaine was justified in seizing the property because ownership had not been established, and because he had probable cause to believe the vehicles may have been stolen.

Plaintiff also contends that *U.S. v. $277,000 U.S. Currency*, 941 F.2d 898 (9th Cir. 1991), supports his argument that this Court erred by concluding that Officer Romaine was entitled to qualified immunity. The facts of *$277,000 U.S. Currency* are inapposite to the facts of the instant case. In *$277,000 U.S. Currency*, the officers removed a car cover to observe the VIN numbers; in contrast, Officer Romaine observed the truck VIN number from the outside of the vehicle, through the front window. Moreover, the officers in *$277,000 U.S. Currency* did not have

ORDER – 3

Plaintiff has repeatedly argued in briefings and the instant motion that the search and seizure of the truck violated his constitutional rights because "switched plates" is only a "traffic infraction." But the search and seizure of the vehicle cannot be viewed in isolation as having been based solely on the fact that the officer discovered that the VIN number of the truck did not match the VIN number registered to the license plate. In other words, Officer Romaine did not simply come across the vehicles and decide to search the truck and impound the vehicles. Rather, Plaintiff had just been arrested for possession of stolen property that was a licensed vehicle, he had been seen driving the truck which towed the trailer and Pontiac, none of the vehicles were registered to Plaintiff as recognized by Washington law, and the VIN number on the truck did not match the VIN number associated with the license plate when Officer Romaine observed the VIN number from outside of the vehicle. Under the circumstances in this case, Plaintiff fails to demonstrate that any clearly established law prohibited Officer Romaine's search or seizure of the vehicles. Plaintiff's arguments were addressed in the Order:

> Mr. Hendrickson's other arguments in support of his motion for summary judgment are also unavailing. First, Mr. Hendrickson offers no legal authority that supports his contention that a vehicle must be reported stolen to give rise to probable cause that a vehicle does not belong to the individual driving the vehicle. Second, as to Mr. Hendrickson's claim that

---

probable cause to believe the vehicles had been stolen. The officers in that case responded to a report of loud music. Plaintiff, in contrast, had just been arrested for possession of a stolen trailer and was driving a truck that towed a trailer and a car, none of which were registered to Plaintiff.

Plaintiff also cites cases that address the issue of when a police officer is required to provide pre-impoundment notice. None of these cases have held that an officer is required to provide such notice when the officer has probable cause to believe that the vehicle has been stolen. *See, e.g.,* Dkt. 188 at 26 (citing *Clement v. City of Glendale*, 518 F.2d 1090 (9th Cir. 2008)) (due process required pre-impound notice to owner of vehicle, where no probable cause existed to believe that the vehicle had been stolen). Again, while Plaintiff would like to isolate the facts of his case to the officer's discovery of the discrepancy between the VIN numbers, the Court considered all of the circumstances surrounding the impoundment. After Plaintiff had been arrested for possession of a stolen trailer, and the officer discovered that Plaintiff owned none of the vehicles as reflected by Department of Licensing records, and that the VIN on the truck did not match the VIN on the license plate, the officer made a reasonable inference that Plaintiff may have placed a valid license plate on a stolen truck. Certainly, the officer's reaching of this conclusion and searching and impounding the truck did not violate any clearly established law.

ORDER – 4

> the search for evidence of ownership was unreasonable, it may not have been sufficient for Officer Romaine to rely solely on the report that indicated the true owner of this vehicle resided in Texas because there was a discrepancy between the license plate and the VIN. Officer Romaine acted properly by searching for evidence to resolve the discrepancy and determine the lawful owner of the truck. Third, Mr. Hendrickson's contention that Officer Romaine should have asked Mr. Hendrickson about the discrepancy in the VIN and the license plate to resolve the issue of ownership is devoid of merit. In light of the fact that Mr. Hendrickson had just been arrested for possession of the stolen trailer, Officer Romaine can hardly be expected to rely on Mr. Hendrickson's own statements in order to determine the truck's rightful owner.
>
> Officer Romaine is also entitled to qualified immunity because no clearly established constitutional right was violated. Even if he conducted the search without probable cause, or if the community caretaking function did not apply, the Court concludes that under these circumstances, a reasonable officer in his position would not have believed the search violated Mr. Hendrickson's constitutional rights.

Dkt. 186, 20-21 (summary judgment order, addressing Plaintiff's claim that the search of the truck violated his constitutional rights).

Plaintiff also states that Officer Romaine admitted that his only basis for the search and seizure was a statute that makes it a traffic infraction to drive a vehicle that has switched plates. Dkt. 189 at 7. Even if this were Officer Romaine's sole subjective basis for the search, courts evaluate probable cause on an objective basis, and the officer's subjective motivation is irrelevant. *See Whren v. United States*, 517 U.S. 806, 813 (1996) (probable cause is not dependent on an officer's subjective motivation). Plaintiff has failed to demonstrate that under these circumstances, probable cause was lacking. The Court did not commit manifest error in determining that, under the totality of the circumstances, there was probable cause to believe that Plaintiff did not own the vehicles or that the vehicles had been stolen. The Court certainly did not err in concluding that Officer Romaine is entitled to qualified immunity.

Finally, to the extent Plaintiff's counsel's suggestion that the Court would have reached a different conclusion had Plaintiff been a judge is worthy of a response, the Court submits a simple answer. The Court did not error in concluding that Plaintiff's federal claims fail, regardless of whether he was a judge, an attorney, or any other individual.

ORDER – 5

## II. RESPONSES TO ORDER TO SHOW CAUSE

On December 10, 2008, the Court ordered the parties to show cause, if any, why the Court should maintain jurisdiction over Plaintiff's remaining state claims. Dkt. 186. Both parties move the Court to maintain jurisdiction over Plaintiff's remaining state claims. Dkts. 187 and 188.

Plaintiff originally filed this action in this Court. Dkt. 7. The Court has dismissed all of Plaintiff's federal claims. Dkt. 186. The Court did not address Defendants' motion to dismiss Plaintiff's negligence claim and his conversion claim. *Id.* The Court also did not dismiss Plaintiff's false imprisonment and false arrest claim as it pertained to the outstanding warrant. *Id.*, 25-26 (dismissing all claims based on the arrest for possession of stolen property).

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

*United Mine Workers v. Gibbs*, 83 U.S. 715 (1966), first announced the discretionary doctrine of the district court's exercise of pendent jurisdiction over state law claims. Later, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988), the Supreme Court held that the district court should "consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant state law claims." (Relying on *Gibbs, supra*). 28 U.S.C. § 1367 now

governs the exercise of supplemental jurisdiction, including ancillary and pendent jurisdiction, and lists some of the discretionary factors enunciated by *Gibbs* to guide the district court in exercising supplemental jurisdiction over state law claims. The Ninth Circuit clarified the district court's process of exercising its discretion in *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545 (9th Cir. 1994). There, the court held that once a district court identifies that a factual predicate in a case corresponds to one of the factors in § 1367(c), the district court must consider "whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'" *Id*. at 1557 (citations omitted).

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Dkt. 137 (Defendants' motion for summary judgment of Plaintiff's state law claims). The Court has dismissed all claims under which it has original jurisdiction, leaving only Plaintiff's claims for negligence, conversion, and false imprisonment/false arrest. The Court concludes that the remaining state law claims are more appropriately addressed in state court. Although this case is in its late stages of litigation, the remaining claims involve state law and can be most properly decided in the state court. A state court may determine whether Plaintiff has an ownership interest in any of the vehicles, and whether any remedies are available.

Defendants also maintain that all claims against Officers Budinich and Romaine should be dismissed. Defendants contend that Plaintiff failed to allege any state law claims against Officer Budinich is his response to Defendants' motion to dismiss the state law claims. Dkt. 187 at 4 (citing Dkt. 160). Plaintiff appears to have alleged state law claims against both officers. *See* Dkt. 60, 7-8 (Plaintiff's third amended complaint). The Court did not address Plaintiff's state law claims in the Order, and a state court may determine whether these claims should be dismissed.

Defendants also maintain that the because the Court determined that Officer Romaine "was justified in impounding the vehicles," the negligence and conversion claims should be dismissed. A state court can also address this issue.

The Court dismisses Plaintiff's state law claims without prejudice so that he may file these claims in state court.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Reconsider (Dkt. 189) is **DENIED**. It is further **ORDERED** that the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims**.** Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

DATED this 30th day of December, 2008.

BENJAMIN H. SETTLE
United States District Judge